[Cite as *State v. Rayle*, 2020-Ohio-1566.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 4-19-18

v.

PAUL M. RAYLE,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Defiance County Common Pleas Court
Trial Court No. 19 CR 13543

**Judgment Affirmed**

**Date of Decision:  April 20, 2020**

APPEARANCES:

    *Timothy C. Holtsberry* **for Appellant**

    *Russell R. Herman* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Paul M. Rayle ("Rayle") brings this appeal from the judgment of the Court of Common Pleas of Defiance County finding him guilty of aggravated possession of drugs and carrying a concealed weapon. On appeal Rayle claims that the trial court erred in denying his motion to suppress. For the reasons set forth below, the judgment is affirmed.

{¶2} On April 4, 2019, Patrolman Shane Bostic ("Bostic") of the Hicksville Police Department witnessed a vehicle driven by Rayle travel through a couple of diagonal parking spaces and the marking lines on East High Street at Maple Street in Hicksville. Tr. at 6. Bostic observed the vehicle then turn right onto Maple Street and followed Rayle, attempting to run the license plate. Bostic was unable to do so because he could not read the last few letters on the plate due to the glare. *Id.* Bostic continued to follow Rayle down Maple street and as he turned left on Oak Street. *Id.* According to Bostic, Rayle traveled far enough into the left lane on Oak Street that any oncoming vehicles would have been forced off the road to avoid an accident. *Id.* at 6-7. Bostic then stopped the vehicle. *Id.* at 6. The stop occurred at approximately 12:07 a.m. *Id.* at 29. As Bostic approached the vehicle, he observed Rayle reaching underneath the driver's seat. *Id.* at 7. Rayle also made other furtive movements, which, along with Bostic observing a knife in the center console of the vehicle, caused Bostic to request assistance. *Id.* Eventually, Bostic and a second officer removed Rayle from the vehicle and the officers observed a black baggie

containing what appeared to be drugs on the driver's seat where Rayle had been sitting. *Id*. at 8. Rayle's pants were unzipped and sagging when he stepped out of the vehicle and appeared to be unable to walk in a normal manner due to having something in his pants. *Id*. Bostic performed a pat down for weapons and felt what appeared to be a pipe in Rayle's pocket and a knife in his right pocket. *Id*. at 19-20. Bostic testified that Oak Street on which Rayle was traveling was a two-way street, but there were no lines on it. *Id*. at 9. At the time of the stop, the conditions were dry and it was nighttime. *Id*. Bostic testified that there had been no obstructions that would have caused Rayle to swerve. *Id*. at 10. The road did have traffic traveling on it at that time of night as several oncoming cars passed them during the stop. *Id*. The dash cam video showed that Rayle crossed into the parking spaces prior to making the turn onto Maple Street and Rayle was driving in the center of the road multiple times. Ex. 1. The vehicle was searched and multiple baggies of substances presumed to be crystal meth were found. *Id*. at 20. Rayle was arrested on suspicion of possession of drugs and carrying a concealed weapon.

{¶3} On April 25, 2019, the Defiance County Grand Jury indicted Rayle on three counts: 1) Aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), (C)(1)(c), a felony of the third degree; 2) Aggravated possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(b), a felony of the third degree; and 3) Carrying a concealed weapon in violation of R.C. 2923.12(A)(1), (F)(1), a misdemeanor of the first degree. Doc. 2. Rayle entered pleas of not guilty to all counts. Doc. 8. On

August 16, 2019, Rayle filed a motion to suppress alleging that the officer lacked probable cause to stop him. Doc. 22. A hearing was held on the motion on August 28, and on September 4, 2019, the trial court overruled the motion to suppress. Doc. 23. On September 26, 2019, a change of plea hearing was held. Doc. 26. At that time, Rayle entered pleas of no contest to counts two and three. *Id*. The first count of the indictment was dismissed. *Id*. The trial court accepted the change of plea and found Rayle guilty of counts two and three. *Id*. The trial court immediately proceeded to sentencing and ordered Rayle to serve a prison term of twenty-four months for count two and six months for count three with the terms to be served concurrently for a total sentence of 24 months in prison. *Id*. Rayle filed a timely notice of appeal from the judgment. Doc. 32. On appeal, Rayle raises the following assignment of error.

> **The officer lacked probable cause to initiate a traffic stop and arrest [Rayle], and all evidence flowing from the traffic stop should have been suppressed as a result.[1]**

{¶4} An appellate review of the trial court's decision on a motion to suppress involves a mixed question of law and fact. *State v. Urdiales*, 3d Dist. Henry No. 7-15-03, 2015-Ohio-3632, ¶ 12, 38 N.E.3d 907. The reviewing court must accept the trial court's findings of fact if they are supported by competent,

---

[1] This Court notes that the minimum standard for a traffic stop is not probable cause, but reasonable articulable suspicion. This Court also notes that although Rayle claimed the officer lacked probable cause to arrest, no argument regarding the arrest was made in the brief. As it was not argued, we will not address it. App.R. 12(A)(2).

credible evidence. *Id.* However, the reviewing court then independently determines, without deference to the trial court, whether the facts satisfy the legal standards as a matter of law. *Id.*

{¶5} Pursuant to the Fourth Amendment of the United States Constitution, people are guaranteed the right to be free from unreasonable searches and seizures. *State v. Kerr*, 3d Dist. Allen No. 1-17-01, 2017-Ohio-8516. The stop of an automobile is generally considered to be a temporary seizure. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204. However "[t]he United States Supreme Court has stated that a traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime." *Id.* at ¶ 7 (citing *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979)). "[I]f an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *Id.* at ¶ 8. "The police conduct must be examined under the totality of the surrounding circumstances." *Kerr, supra* at ¶ 16.

{¶6} Here, Bostic provided testimony that he observed Rayle driving through clearly marked parking spots while making the turn. After making the turn, Rayle proceeded to drive in the middle of the two-way street before moving back into his own lane. The testimony regarding both of these claims was supported by the video from the police car. All of this occurred after midnight. None of these

facts were disputed by Rayle at the motion to suppress. Rayle's argument was that the acts did not give rise to a specific, traffic violation. However, the State only had to show that the officer had a reasonable, articulable suspicion that the defendant was engaging in criminal conduct. While Rayle's argument may be persuasive in a motion to dismiss a marked lane violation, as there were no markings on the road, it is not as persuasive in this case. The undisputed evidence was that the defendant had driven through marked parking spaces and then proceeded to drive down the middle of a two-way street. All vehicles driven upon a roadway are required to drive in the right half of the road and failure to do so is a misdemeanor. R.C. 4511.25. Bostic testified that Rayle was driving far enough past the center of the road that oncoming traffic would not have been able to get by him without driving off the road. The testimony supported by the video provided a reasonable, articulable suspicion as to why Bostic stopped the vehicle. Given the totality of the circumstances, this Court does not conclude that the trial court erred in finding that the stop was based upon a reasonable, articulable suspicion. The assignment of error is thus overruled.

{¶7} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Defiance County is affirmed.

***Judgment Affirmed***

**PRESTON and ZIMMERMAN, J.J., concur.**

**/hls**